## Case No. 5,335.

### The GEORGE KINGMAN.

[7 Wkly. Notes Cas. 50.]

District Court, E. D. Pennsylvania. May 2, 1879.

#### SEAMEN—ACTION FOR ASSAULT BY MASTER.

[A master sued for an assault, and denying the same in his answer, cannot, on proof of the assault, rely upon a justification.]

Libel for personal damage by Mayhorn against Howes, master of the barque. The libellant was hired as cook and steward of the barque on a voyage to Portugal and back to this port, which was duly performed. During the voyage he was accidentally scalded by hot water, and alleged that before his recovery the master forced him to return to work with threats and oaths. That soon afterward the master assaulted him by kicking him in the face, which resulted in a temporary scar. That upon another occasion the master again assaulted him, and knocked him down with his fist. Each of the assaults was deposed to by one other member of the crew. There was no evidence of any permanent injury to the libellant. Upon the part of the master both assaults were denied, the kicking entirely, and as to the blow with the fist, the master deposed that the libellant attempted to pass him on deck on the windward side, and that he merely removed him by a slight push; also, that he was unsatisfactory as a cook, and very insolent under reproof. The master's testimony was not corroborated by other witnesses.

E. F. Pugh, for libellant, cited Payne v. Allen [Case No. 10,855]; The Agincourt, 1 Hagg. Adm. 271; Pars. Mar. Law, 464; Abb. Shipp. 178, and notes; The Enchantress, 1 Hagg. Adm. 395.

Henry Flanders, for respondent. Irrespective of the oath of the master, this is at most a case where the master was compelled to punish an insubordinate seaman. Fuller v. Colby [Case No. 5,149]; Forbes v. Parsons [Id. 4,929].

THE COURT (BUTLER, District Judge), referring to the danger both of encouraging such suits, and of refusing parties redress in such cases, held that the assaults had been sufficiently proved, and that as the answer denied the assaults, it was not competent for the respondent to rely on a justification. Decree for libellant for one hundred dollars, with costs.

## Case No. 5,336.

### The GEORGE LAW.

[3 Ben. 396.] [1]

District Court. E. D. New York. Sept., 1869.

#### COLLISION—DANGEROUS MANOEUVRE.

Where a propeller attempted to pass close by a sloop, and just as she was passing, a puff of wind caught the sloop's sail, and her boom swung out, and the propeller struck it, receiving damage: Held, that the propeller, having attempted a dangerous and uncalled-for manoeuvre, must bear the consequences of it.

This was a libel by Daniel Shea, owner of the propeller U. S. Grant, to recover damages for a collision. The propeller was coming down the East river, and saw ahead of her the sloop George Law and another propeller, so close together that there was not room to pass between the propeller and the boom of the sloop, as it was swung out. As she approached, however, the sloop's boom was hauled in, whereupon she undertook to pass between them, and, while passing, the boom swung out, and injured her.

D. McMahon, for libellant.
Thomas Hooker, for claimant.

BENEDICT, District Judge. This case comes within the rule of the maritime law which imposes the risk of a dangerous and uncalled-for manoeuvre upon the party who undertakes it.

The proofs show that the propeller attempted to pass the sloop ahead, at a distance within the length of the sloop's boom, and was struck by the boom in passing.

There was nothing to require the propeller to pass at the time, or in such close proximity as she did, but, assuming the ability of the men upon the sloop to keep the boom inboard, she took the risk. As it happened, a puff of wind caught the sheet out of the hands of the men on the sloop, and the boom swung out, and into the propeller.

Such an occurrence should have been seen to be possible by those in charge of the propeller, and accident from it avoided by passing the sloop at a greater distance, as might easily have been done.

The libel is, accordingly, dismissed, with costs.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]